# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| DARRELL LEE HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 2:14-cv-00083 |
| | ) CHIEF JUDGE CRENSHAW |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's attorney's Motion for Attorney's Fees, pursuant to 42 U.S.C. § 406(b). (Doc. No. 19) Plaintiff's attorney requests $10,000 for the 21.1 hours of work completed at the district court level. The Commissioner does not object. (Doc. No. 22) For the following reasons, Plaintiff's counsel's Motion is granted in part and denied in part.

Plaintiff filed this social security appeal through counsel on September 1, 2014, appealing an unfavorable decision by the Commissioner of Social Security. (Doc. No. 1.) After Plaintiff filed his Motion for Judgment on the Record, on April 20, 2015, the Commissioner moved to remand the case for further consideration under sentence four of 42 U.S.C. § 405(g) (Doc. No. 15), which then-Judge Sharp granted on October 16. (Doc. No. 17) The Clerk entered Judgment that day. (Doc. No. 18)

Generally, after a plaintiff wins a sentence four remand, he becomes a prevailing party and may move for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B). Shalala v. Schaefer, 509 U.S. 292, 299 (1993). "EAJA fees are awarded in excess of the benefits due, as opposed to being deducted from the claimant's benefits award." Turner v.

Comm'r of Soc. Sec., 680 F.3d 721, 723 (6th Cir. 2012) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 795-96 (2002)). EAJA fees are paid to the plaintiff, who often assigns the award to his attorney. Kerr for Kerr v. Comm'r of Soc. Sec., 874 F.3d 926, 938 (6th Cir. 2017).

If upon remand, the plaintiff receives a favorable decision, the attorney is eligible for attorney's fees under 42 U.S.C. § 406. The attorney may request fees from the Commissioner for her administrative work under § 406(a), and request additional fees for her work in front of the district court under § 406(b), the total of which cannot be greater than 25% of the plaintiff's past-due benefits. The Commissioner withholds 25% of the plaintiff's past-due benefits and pays the attorney "out of, and not in addition to, the amount of such past-due benefits." Id. at (b)(1)(A). An attorney who receives fees under both the EAJA and § 406(b) shall refund the lower award to the plaintiff. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

When an attorney does not file for EAJA fees but instead only files for fees under § 406(b), the plaintiff does not receive the benefit of having the lower award refunded to her. "To prevent plaintiffs from being penalized as a result of counsels' failure to apply for EAJA fees to which they were entitled, courts have either reduced the Subsection (b) award by an amount equal to the foregone EAJA fees, or taken counsels' failure to apply for EAJA fees into account in determining a reasonable fee for their services." Wolfe v. Colvin, No. 14-11397, 2016 WL 7650793, at *2 (E.D. Mich. Dec. 30, 2016) (citing Allen v. Comm'r of Soc. Sec., No. 10-cv-68, 2012 WL 1596661, at *5 (S.D.N.Y. Apr. 27, 2012)), adopted in 2017 WL 467495 (E.D. Mich. Feb. 3, 2017). In order to do so in a manner most fair to Plaintiff, the Court will (1) determine a reasonable EAJA award; (2) determine a reasonable § 406(b) award; and (3) reduce the greater amount by the lower amount (thereby refunding to the plaintiff the lower award) for the final award amount.

Under the EAJA, "[t]he amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 29 U.S.C. § 2412(d)(2)(A). Here, the cost of living justifies a fee higher than $125 per hour. Plaintiff's counsel avers that her fee is generally between $200 and $300 per hour. (Doc. No. 19-1 at 1). Here, she requests an hourly rate of $237.97. (Doc. No. 21 at 3) The Court believes that $237.97 per hour is a reasonable rate, and, at 21.1 hours of work, Plaintiff would have been awarded $5,021.16 in EAJA fees.

Under § 406(b), the district court may award "a reasonable [attorney's] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits." Lasley v. Comm'r of Soc. Sec., 771 F.3d 308, 309 (6th Cir. 2014) (quoting 42 U.S.C. 406(b)(1)(A)). The Court must review contingency agreements "as an independent check, to assure that they yield reasonable results in particular cases." Id. (quoting Gisbrecht v. Barnhart, 535 U.S. 789 n.6 (2002)). Contingency fee agreements that comply with § 406(b)'s 25 percent cap are "per se reasonable" so long as the hypothetical hourly rate is "less than twice the standard rate." Id. (quoting Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 421 (6th Cir. 1991)).

Here, there is a contingency agreement for 25 percent of the claimant's back-pay award, and Plaintiff's attorney is seeking an award of less than 25 percent. The hourly rate she requests, $237.97 is per se reasonable. The Court will accept the $237.97 rate and award Plaintiff's attorney the $10,000 reduced by the $5,021.16 that Plaintiff would have received as her EAJA award.

It is therefore **ORDERED** that Plaintiff's counsel's Motion for Attorney's Fees (Doc. No. 19) is **GRANTED IN PART and DENIED IN PART**, and Plaintiff's counsel is

3

**AWARDED** $4,978.84 from Plaintiff's back-pay award. The Social Security Administration is **ORDERED** to release $4,978.84 from Plaintiff's back-pay award to Plaintiff's counsel. The Social Security Administration is further **ORDERED** to release any remaining portion of the withheld funds from Plaintiff's back-pay award to Plaintiff.

    IT IS SO ORDERED.

                                                                WAVERLY D. CRENSHAW, JR.
                                                                UNITED STATES DISTRICT JUDGE